# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, UPON )
THE RELATION OF THE SECRETARY )
OF THE DEPARTMENT OF )
TRANSPORTATION, )
 )
      Plaintiff, )
 ) C.A. No.: S21C-03-017 FJJ
      v. )
 )
MELPAR, LLC, 1,7761995 SQUARE )
FEET (0.0408 ACRES) OF LAND, )
711.9788 SQUARE FEE (0.0163 ACRES) )
OF LAND, 3,598.7712 SQUARE FEET )
(0.0826 ACRES) PART OF TAX MAP )
AND PARCEL NUMBER )
234-23.00-269.14 SITUATE IN INDIAN )
RIVER HUNDRED, and DASH-IN )
FOOD STORES, INC. )
 )
      Defendants. )

Submitted: December 16, 2021
Decided: January 10, 2022

## ORDER ON DEFENDANTS' MOTION FOR REARGUMENT - DENIED

*Brady Eaby, Esquire, Deputy Attorney General,* Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware,

*Richard A. Forsten, Esquire,* Saul, Ewing, Arnstein & Lehr, LLP, Wilmington, Delaware. Attorney for Defendant Dash In Food Services, Inc.

*Richard L. Abbott, Esquire,* Abbott Law Firm, Hockessin, Delaware. Attorney for Defendant Melpar, LLC.

**Jones, J.**

1.      On December 9, 2021 this Court issued an Opinion and Order in this condemnation case.  The opinion and order resolved a number of issues, the most significant of which were to deny the Defendants' Motion for an Evidentiary Hearing, Deny the Defendants' Motion to Dismiss, and to Grant the State's Motion for Possession.  Defendant, Melpar, LLC ("Melpar") has moved for Reargument of this Court's December 9, 2021 Opinion and Order and it's December 9, 2021 Order Granting the State's Possession.

2.      In support of its Motion for Reargument Melpar maintains:

a.  The Court ignored binding Delaware Supreme Court precedent in *Lawson v. State*, 72 A.3d 84 (Del. 2013);

b.  The Court overlooked the undisputed evidence that DelDOT's appraisal was fundamentally flawed on a number of levels;

c.  The Court relied upon allegations made by DelDOT that were directly rebutted by the record evidence thereby in failing to conduct an Evidentiary Hearing; and

d.  The Court applied the wrong legal standard in its determination

3.      A Motion for Reargument is governed by Superior Court Civil Rule 59(e).  Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59.[1] The purpose of such motion is to seek reconsideration of findings of fact,

---

[1] *Kostyshyn v. Comm'ers Town of Bellefonte*, 2007 WL 1241875 (Del. Super. 2007).

conclusions of law, or judgment of law.[2] Pursuant to 59(e), such motion will be denied unless the movant demonstrates that the Court "has overlooked precedent or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision."[3] A motion for Reconsideration or Reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.

4.      The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

Therefore, Melpar's Motion for Reargument is Denied.

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[2] *Baldwin v. New Castle Cty*, 2020 WL 638858, at *2 (Del. Super. Ct., Feb. 11, 2020) (*citing Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del., 1969)).
[3] *State v. Brinkley*, 142 A.3d 839, 842 Del. Super. Ct., 2016) (internal quotations omitted)(quoting *Kennedy v. Invacare, Inc.*, 2007 WL 488590, *1 (Del. Super. Ct., Jan. 31, 2006)).